THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS GONZÁLEZ OLIVERAS and JOSÉ LUIS GONZÁLEZ OLIVERAS, Defendants and Appellants.

No. 13024. Argued March 25, 1948.—Decided March 31, 1948.

*J. Ramírez Viñas* for appellants. *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

The appellants were sentenced to serve one year in jail for the offense of aggravated assault and battery. Feeling aggrieved they took the present appeal wherein they allege that the court erred in finding them guilty of the offense, in weighing the evidence and in imposing an excessive penalty.

It was alleged in the complaint that the offense became aggravated because the defendants assaulted and battered Juan Rodríguez while the latter was "Warden of the Municipal Jail of Vega Alta and while he was in the discharge of his duties as such Warden of Jail, of which the defendants were aware. The aggravating circumstance in this case consists in that the defendants committed the offense in the Municipal Jail of Vega Alta, not being employees thereof, and knowing that the person assaulted was at that time Warden of the Municipal Jail of Vega Alta, an officer in the lawful discharge of his duties as such."

Appellants argue that since the warden of jail is not an officer but a municipal employee, the offense committed, if any, is not aggravated. Subdivision 1 of § 6 of the Act of March 10, 1904, provides that "An assault and battery becomes aggravated when committed under any of the following circumstances: 1. When committed upon an officer in the lawful discharge of the duties of his office, if it was known or declared to the offender that the person assaulted was an officer discharging an official duty."

Appellants maintain that since the warden of jail is not among the municipal administrative officers enumerated in § 28 of the Municipal Law in force (Act No. 53 of 1928, as amended),[1] the warden of jail is a mere municipal employee.

---

[1] Section 28 provides in its pertinent part: "Municipal administrative officers shall be those stated below, and their offices shall be incompatible with the office of member of the municipal assembly and with any other remunerated federal, insular or municipal office:

"In municipalities of the first class—

490

We do not agree with the appellants. The fact that the warden of a municipal jail is not included among the "administrative officers" of the municipality enumerated in § 28, *supra*, does not mean that by the nature of his official duties, he should not be considered as an "officer," under subdivision 1 of § 6 of the Act of 1904, *supra*. A warden of jail is the custodian of the persons who await trial or of those who are serving sentences, and furthermore, he is the executive chief of the institution under his charge and, as such, it is his duty to see that all local rules are complied with and to maintain the order. His duties, within the institution, are similar to those of a policeman, and we have already decided that an assault against a policeman constitutes aggravated assault and battery because he is a public officer.[2] *Ex Parte Agrinsoni et al.*, 11 P.R.R. 350; *People v. Otero*, 20 P.R.R. 3.

■ Since it was alleged and proved that Juan Rodríguez, Warden of the Jail, was in the discharge of the duties of his office and that the defendants knew this fact when they assaulted him, the essential facts of the offense were alleged and proved. *People v. López*, 26 P.R.R. 73. The evidence of the prosecution showed that the appellants attempted to visit in jail their brother who shortly before had killed an insular policeman in the hall of the municipal court which is situated in the floor above the jail; that when the warden refused to give them permission they assaulted and battered

---

"1. A Mayor,
  2. A Treasurer and School Director,
  3. A Director of Charities,
  4. A Director of Public Works,
  5. An Auditor,
  6. A Secretary.
"In municipalities of the second and third classes—
  1. A Mayor,
  2. A Treasurer and School Director,
  3. A Secretary-Auditor,
  4. A Director of Charities."

[2] As to the scope given by us to the meaning of "officer", as used in § 10 of the Act providing for the Government of the Capital (Act No. 99 of 1931), see *Serra v. Transportation Authority*, 67 P.R.R. 574.

him with the fists, while one of them held him by the neck; that appellants knew that the person assaulted was the warden of the jail because formerly they had been prisoners therein and also because they had gone to him to ask for permission to enter the jail. This evidence, believed by the court, is sufficient to support the conviction.

As to the last error assigned alleging that the sentence of one year is excessive, we find nothing in the evidence to warrant our disturbing the discretion of the lower court in imposing a sentence which falls within the maximum prescribed by law for the offense of aggravated assault and battery.

Judgment is affirmed.